USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: December 1, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AARON SINGLETON,

                              Plaintiff,

              -against-

NEW YORK CITY DEPARTMENT OF
CORRECTION; OFFICE OF THE MAYOR;
NEW YORK STATE GOVERNOR; CITY OF
NEW YORK CORPORATION COUNSEL,

                              Defendants.

---

20-CV-8570 (ALC)

ORDER OF SERVICE

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff, currently incarcerated in the Anna M. Kross Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated October 23, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A.    Department of Correction and Corporation Counsel

Plaintiff's claims against the New York City Department of Correction (DOC) and the Office of the Corporation Counsel must be dismissed because agencies of the City of New York are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999). Corporation Counsel and DOC are dismissed as defendants from the action.

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 afford[s] courts discretion to shape litigation in the interests of efficiency and justice.").

In light of Plaintiff's *pro se* status and his clear intention to assert claims against the City of New York, the Clerk of Court is directed, under Rule 21 of the Federal Rules of Civil Procedure, to add the City of New York as a defendant. This substitution is without prejudice to any defenses that the City of New York may wish to assert.

## B.     Mayor and Governor

To state a § 1983 claim, a plaintiff must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

---

[2] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

Plaintiff fails to allege that Mayor de Blasio or Governor Cuomo were personally involved in what occurred.[3] Accordingly, Plaintiff's claims against them are dismissed.[4]

## C.     Order of Service

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

## CONCLUSION

The named defendants — New York City Department of Correction, Mayor Bill de Blasio, Governor Andrew Cuomo, and the City of New York Corporation Counsel — are dismissed from the action. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court directs the Clerk of Court to add the City of New York as a defendant. Fed. R. Civ. P. 21.

The Clerk of Court is further directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff along with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[3] Governor Cuomo is also immune from suit for damages under the Eleventh Amendment. *See Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 40 (2d Cir. 1977).

[4] Plaintiff may file an amended complaint to name individual defendants who were personally involved in what occurred.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 1, 2020
           New York, New York

_____
           ANDREW L. CARTER, JR.
           United States District Judge